UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DANIEL L. POHLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00264-SEB-DML |
| | ) | |
| JOHN G. ROBERTS, JR., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

This cause is before the Court on the Motions to Dismiss [Dkts. 8 and 14] filed by Defendants John G. Roberts, Jr., Chief Justice of the United States Supreme Court, and Loretta H. Rush, Chief Justice of the Indiana Supreme Court, filed on January 7, 2020 and January 14, 2020, respectively, and the Motion to Find Indiana Court of Appeals Decision #40A01-1509-MI-1432 to be Unlawful [Dkt. 10] and Motion to Transfer to the Washington D.C. Federal Circuit Court [Dkt. 11], filed by Plaintiff Daniel L. Pohle on January 7, 2020. For the reasons detailed below, Defendants' Motions to Dismiss are GRANTED and Plaintiff's Motions are DENIED.

**Factual Background**

In 2014, Mr. Pohle and his business, Otter Creek Trading Company, were sued for breach of contract and conversion in the Jennings Superior Court in *PCM Enviro. PTY. LTD. v. Otter Creek Trading Co. & Daniel L. Pohle*, Cause No. 40D01-1410-MI-49. *See Otter Creek Trading Co. v. PCM Enviro PTY, LTD*, 60 N.E.3d 217, 221–23 (Ind. Ct. App. 2016). The trial court subsequently entered a default judgment against them both.

1

*See id.* at 224. Mr. Pohle appealed the default judgment, among other rulings, to the Indiana Court of Appeals in Cause No. 40A01-1509-MI-1432, which affirmed the trial court's orders. *See id.* at 231. Mr. Pohle then filed a Petition to Transfer to the Indiana Supreme Court, which was denied on November 3, 2016. *See Otter Creek Trading Co. v. PCM Enviro PTY, LTD*, 62 N.E.3d 1202 (Ind. 2016) (Table).

On November 8, 2019, more than three years following the denial of his petition to transfer, Mr. Pohle filed this complaint against Chief Justice Roberts and Chief Justice Rush in the Jennings Superior Court pursuant to 42 U.S.C. § 1983, alleging that the state trial court lacked jurisdiction to default him and further that the default judgment and appellate denial violated his constitutional right to due process. Dkt. 1-2. Mr. Pohle sought relief in the form of an order from the Jennings Superior Court that Chief Justice Rush "fully fund an Appeal of Case No. 40A01-1509-MI-1432 in the United States Supreme Court." *Id.* That lawsuit was removed to this Court on December 9, 2019.

## Legal Analysis

### I. Plaintiff's Motion to Transfer

We turn first to address Plaintiff's request to transfer this case to the Federal Circuit Court in Washington, D.C. District courts have broad discretion to grant or deny a motion to transfer a case to a different district for improper venue, for the convenience of the parties and witnesses, or in the interest of justice. *See, e.g.*, *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); 28 U.S.C. § 1404. Under § 1404(a), a court may transfer a case if the moving party shows that "(1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will

serve the convenience of the parties and the witnesses as well as the interests of justice." *Rohde v. Cent. R.R. of Ind.*, 951 F. Supp. 746, 747 (N.D. Ill. 1997); *accord Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 & n.3 (7th Cir. 1986).

It is not clear whether Plaintiff is seeking to transfer this case to the Federal Circuit Court of Appeals or the United States District Court for the District of Columbia, but in either case, for the following reasons, his motion must be denied. The Federal Circuit, as Defendants properly assert, is an appellate court with jurisdiction to hear appeals of various kinds of cases, including patent cases originating in all United States District Courts. As such, it is not a proper court into which to transfer an original action. 28 U.S.C. § 1295. Accordingly, because transfer would be statutorily improper, we decline to exercise our discretion to transfer this case to the Federal Circuit.

With regard to a transfer to the Federal District Court for the District of Columbia, Mr. Pohle has not addressed the issues of venue and jurisdiction in either the transferor or the transferee district. Rather, he argues only that transfer would be convenient for him because he "does not have access to attorneys in Indiana with adequate knowledge of Intellectual Property Law, International Law, and or Constitutional Law." He also references his having "learned of 'Black Listing' of attorneys who challenge the system" as another reason for seeking transfer, though he does not elaborate on that allegation.

In determining whether a particular forum is more convenient and whether a transfer would be in the interest of justice, courts consider both the private interests of the parties and the public interest of the court. *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Private interests include: (1) the

non-movant's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; and (4) the convenience to witnesses and parties. *Id.* "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Id.* at 978–79.

The private interest factors as applied here clearly weigh in favor of venue remaining in this court. Both Defendants' choice of federal forum is the Southern District of Indiana and the subject of Mr. Pohle's lawsuit arises out of the litigation of *PCM Enviro PTY LTD v. Otter Creek Trading Co., Inc. and Daniel L. Pohle*, Jennings Superior Court Case Cause No. 40D01-1410-MI-49, which obviously occurred in Indiana. Given that the events relevant to Mr. Pohle's lawsuit all occurred in Indiana, it is clear that any non-electronically available evidence would be more easily accessed in Indiana and also that an Indiana forum would be more convenient for any potential witnesses who might have to appear to testify at trial.

Mr. Pohle's only argument that transfer would be more convenient to him is that he would have increased access to skilled attorneys in Washington D.C. who would not have to fear being "blacklisted." However, as Defendants point out, if Mr. Pohle believes he cannot find a suitable attorney in Indiana, he is not out of luck because attorneys from across the country routinely appear in this court and he is free to hire outside counsel from any location despite the pendency of this case on the docket of the Southern District. Moreover, Mr. Pohle's unsupported allegation of "blacklisting" (to the extent we understand it) is insufficient as a basis for transfer. Accordingly, the private interests clearly weigh against transfer.

The Court also considers public interest factors, which include docket congestion of the respective court dockets; prospects for a speedy trial; and the court's familiarity with the applicable law. *Research Automation*, 626 F.3d at 978. Mr. Pohle has advanced no argument regarding the public interest in transferring venue. To our eye, there clearly is no public interest in the D.C. District Court deciding a wholly Indiana-based conflict. For these reasons, we DENY Plaintiff's Motion to Transfer.

## II.   Defendants' Motions to Dismiss

Chief Justice Roberts and Chief Justice Rush have each moved to dismiss Mr. Pohle's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In this procedural context, the Court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* FED. R. CIV. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as the one filed here by Mr. Pohle are construed liberally

and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### A. Chief Justice Roberts

Even with a liberal construction, Mr. Pohle's complaint fails to state a claim against Chief Justice Roberts. Most fundamentally, Mr. Pohle's complaint does not satisfy the basic pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure, which provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Mr. Pohle's complaint contains no allegations against Chief Justice Roberts; he is named only in the caption. It is well-established under Seventh Circuit precedent that "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *accord Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Because Mr. Pohle fails to make *any* allegations against Chief Justice Roberts, much less allegations sufficient to state a plausible claim of entitlement to relief, Mr. Pohle's complaint against Chief Justice Roberts is properly dismissible on these grounds alone.

Additionally, Mr. Pohle purports to bring his claims under 42 U.S.C. § 1983. Claims brought pursuant to § 1983 can be maintained only against persons acting under

the color of *state* law, such as state officials.  *See* 42 U.S.C. § 1983; *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010).  As such, § 1983 does not apply to actions of federal agencies or officers such as Chief Justice Roberts.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994); *Futrell v. United States*, No. 1:14-cv-02089-TWP-DKL, 2016 WL 3181998, at *5 (S.D. Ind. June 7, 2016).  This is a second and equally persuasive ground for dismissal.

     Although Mr. Pohle does not indicate in his complaint whether he is suing Chief Justice Roberts in his individual or official capacity, "[i]f a plaintiff seeks to sue public officials in their personal capacities or in both their personal or official capacities, the plaintiff should expressly state so in the complaint." *Meadows v. State*, 854 F.2d 1068, 1069 (7th Cir. 1988).  Based on the absence of such allegations in Mr. Pohle's complaint, along with the relief he appears to seek, to wit, an order compelling Chief Justice Rush to fund an appeal to the Supreme Court of the United States, which would decide whether to accept any petition for writ of certiorari, we conclude that Chief Justice Roberts is named solely because of his position as Chief Justice in the United States, and thus, in his official capacity.

     A suit against a public official named in his official capacity is, in essence, a suit against the governmental unit itself.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits … generally represent only another way of pleading an action against an entity of which an officer is an agent.") (internal quotation marks and citation omitted).  This means that Mr. Pohle's lawsuit against Chief Justice Roberts in his official capacity is actually a claim against the United States.  It is well settled that the

United States, as sovereign, may be sued only in specific circumstances where the government has consented to such suit. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). To maintain a viable claim against the United States or its agencies or instrumentalities in federal court, a plaintiff must identify both a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002); *accord Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003). Mr. Pohle neither can nor has attempted to show any such waiver here, and his complaint is therefore properly subject to dismissal on sovereign immunity grounds as well. *See Kentera v. United States*, No. 16-CV-1020-JPS, 2017 WL 401228, at *1 (E.D. Wis. Jan. 30, 2017) ("In [the Seventh Circuit], a sovereign immunity defense, if sustained, shows that the plaintiff failed to state a claim; it is not a matter affecting the court's subject-matter jurisdiction.") (citing *Collins v. United States*, 564 F.3d 833, 837–38 (7th Cir. 2009)).

Finally, to the extent that Mr. Pohle is attempting to sue Chief Justice Roberts based on his judicial acts, there is no question that he is protected from such a suit by the doctrine of absolute judicial immunity. *See, e.g.*, *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (recognizing "the fundamental principle that judges are entitled to absolute immunity from damages for their judicial conduct"). Likewise, assuming the relief Mr. Pohle seeks against Chief Justice Roberts is an order directing the United States Supreme Court to accept a petition for writ of certiorari in Mr. Pohle's case, no such relief is legally available because it is "axiomatic that a lower court may not order

the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979).

For these reasons, Mr. Pohle's complaint against Chief Justice Roberts must be dismissed.

### B.     Chief Justice Rush

Mr. Pohle's complaint, again viewed liberally, even so fails to state a claim against Chief Justice Rush.  The only mention of Chief Justice Rush in Mr. Pohle's complaint is in the final line where he asks the court to order her to "fully fund an [a]ppeal on Case No. 40A01-1509-MI-1432 in the United States Supreme Court."  Compl. at 1.  We understand Mr. Pohle to have named Chief Justice Rush in this lawsuit based on the Indiana Supreme Court's denial of his petition to transfer in the *Otter Creek* case.  However, any claim that Mr. Pohle might seek to assert against Chief Justice Rush based on her participation in the decision to deny transfer is barred because whether to grant transfer is "a matter of judicial discretion," Ind. App. R 57(H), and therefore clearly a judicial act for which Chief Justice Rush is entitled to absolute judicial immunity.  *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (holding that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly").

Additionally, insofar as Mr. Pohle is seeking money damages, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  Indiana state courts are state

9

entities and its judges are "judicial officers of the state judicial system and are not county officials." *Lake County Juv. Ct. v. Swanson*, 671 N.E.2d 429, 435 (Ind. Ct. App. 1996). While Mr. Pohle does not specifically indicate whether he is suing Chief Justice Rush in her official or personal capacity or both, as noted above, "[i]f a plaintiff intends to sue public officials in their personal capacities or both their personal and official capacities, the plaintiff should expressly state so in the complaint." *Meadows*, 854 F.2d at 1069. Based on the lack of such allegations in Mr. Pohle's complaint, coupled with Mr. Pohle's request that Chief Justice Rush be ordered to fully fund an appeal to the United States Supreme Court, we conclude that Mr. Pohle intends to sue Chief Justice Rush solely in her official capacity as the Chief Justice of the Indiana Supreme Court. In her official capacity, Chief Justice Rush is not a suable "person" under § 1983 insofar at least to the extent Mr. Pohle is seeking money damages.[1]

For these reasons, Mr. Pohle's complaint against Chief Justice Rush must be dismissed.

### III. Conclusion

As explicated above, Plaintiff's Motion to Transfer [Dkt. 11] is <u>DENIED</u> and Defendants' Motions to Dismiss [Dkts. 8 and 14] are <u>GRANTED</u>. Because this case is barred on sovereign immunity and absolute judicial immunity grounds, this dismissal is with prejudice. Plaintiff's Motion to Find Indiana Court of Appeals Decision #40A01-

---

[1] When sued for injunctive relief, a state official in her official capacity is a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

1509-MI-1432 to be Unlawful [Dkt. 10] is <u>DENIED</u> as moot. Final judgment shall enter accordingly.

    IT IS SO ORDERED.

Date: _____5/13/2020_____         _____
                                                                                       SARAH EVANS BARKER, JUDGE
                                                                                      United States District Court
                                                                                      Southern District of Indiana

Distribution:

DANIEL L. POHLE
1280 N CR 500 E
Butlerville, IN 47223

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

John Russell Millikan, IV
INDIANA ATTORNEY GENERAL
john.millikan@atg.in.gov

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov